IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FOREST OAKS, LLC | ) |
| | ) |
| v. | )   MISC. NO. 10-0010-WS |
| | ) |
| SPCP, INC., et al. | ) |

**ORDER**

Forest Oaks, LLC ("Debtor") has filed in Bankruptcy Court a notice of appeal of the Bankruptcy Judge's order granting the Creditor's motion to dismiss, and of her order denying the Debtor's motion to reconsider. (Doc. 1, Exhibit A). In this Court, the Debtor has filed a motion for stay pending appeal and motion for emergency hearing. (Doc. 1). SPCP, Inc. ("Creditor") has filed an objection. (Doc. 2).

The Debtor owns a shopping center, in which the Creditor holds a secured interest. In December 2008, the Debtor filed a Chapter 11 proceeding. In October 2009, the Bankruptcy Judge held a confirmation hearing on the Debtor's second amended plan of reorganization. The Bankruptcy Judge concluded the plan appeared feasible but was defective because it improperly divided one class in two, apparently in order to ensure that one impaired class voted to accept the plan, as required by law in order to allow consideration of the plan for confirmation. (Doc. 2, Exhibit A).

On December 7, the Creditor moved to dismiss the case; the administrator had done so in November. On January 11, the day before the hearing on the motions to dismiss, the Debtor filed a third amended plan of reorganization. The Bankruptcy Judge rejected the Debtor's argument that dismissal was inappropriate in the face of the third amended plan. On January 20, she entered an order granting the motions to dismiss. (Doc. 2, Exhibit C). Although no party had requested such relief, the Bankruptcy Judge enjoined the Debtor from filing another Chapter 11 proceeding for 180 days. (*Id*.). On February 2, the Debtor filed a motion to reconsider. (Doc. 2, Exhibit D). On March 5, the Bankruptcy Judge denied the motion to reconsider. (*Id*., Exhibit E).

Meanwhile, the Creditor seized the opportunity provided by the January 20 order and arranged a foreclosure sale of the property for March 17.  On March 12, the Debtor filed both a notice of appeal and a motion for stay pending appeal.  On March 15, the Bankruptcy Judge conducted a hearing on the motion for stay and denied it.  (Doc. 2, Exhibit F).  The same day, the Debtor filed the instant motion.

Due to the delay inherent in Bankruptcy Rules 8006 and 8007, and the imminence of tomorrow's scheduled foreclosure sale, the motion for stay has arrived before the appeal.  The parties suggest no reason this Court, rather than the judge to whom the appeal will be assigned in due course, should determine the instant motion.

Courts have frequently indicated, in a variety of contexts, that foreclosure on real property threatens irreparable harm.[1]  Here, the Debtor asserts irreparable harm not merely from the loss of unique property, and not merely from mooting the appeal, but from rendering it impossible to present a confirmable plan if the property is sold.  (Doc. 1 at 4).  The Creditor's statement of threatened future harm to itself, and its assessment of the merits of the appeal, are not so impressive as to make clear that a temporary delay in resolving the motion to stay would be pointless.

The parties agree that the Court's authority to enter a stay pending appeal is based on Bankruptcy Rule 8005.  The purpose of a stay under that rule is to "preserve the status quo."  *In re: Continental Airlines*, 91 F.3d 553, 561-62 (3rd Cir. 1996); *accord In re: Chateaugay Corp.*, 988 F.2d 322, 326 (2nd Cir. 1993).  In order to preserve the status quo until the appeal is docketed and the assigned judge is given an opportunity to review and

---

[1]*E.g., Johnson v. United States Department of Agriculture*, 734 F.2d 774, 789 (11th Cir. 1984); *Wonderland Shopping Center Venture Limited Partnership v. CDC Mortgage Capital, Inc.*, 274 F.3d 1085, 1097 (6th Cir. 2001); *O'Hagan v. United States*, 86 F.3d 776, 783 (8th Cir. 1996); *In re: Country Squire Associates, L.P.*, 203 B.R. 182, 183 (2nd Cir. B.A.P. 1996); *Sharma v. Provident Funding Associates, LP*, 2010 WL 143473 at *1 (N.D. Cal. 2010); *Bond v. Home Equity Mortgage Corp.*, 2008 WL 2561947 at *1 (S.D. Fla. 2008); *In re: Thomas*, 2007 WL 1192032 at *8 (Bankr. N.D. Ala. 2007); *In re: Skinner*, 202 B.R. 867, 869 (W.D. Va. 1996).

rule upon the instant motion, the orders of the Bankruptcy Judge from which appeal is taken are **stayed**.  This stay will remain in effect until an order ruling on the motion for stay pending appeal is issued, or until the assigned judge otherwise dissolves it.

DONE and ORDERED this 16th day of March, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE
