IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:

FOREST OAKS, L.L.C.          )

    Debtor,            )

FOREST OAKS, L.L.C.,         )
                                      CIVIL ACTION NO. 10-00178-CB-M
    Appellant,         )   MISC. ACTION NO. 10--00010 -WS

v.                           )

SPCP GROUP, L.L.C. and       )
BANKRUPTCY ADMINISTRATOR,
                             )
    Appellees.

## ORDER

This matter is before the Court on appeal from the United States Bankruptcy Court for the Southern District of Alabama. Appellant Forest Oaks, L.L.C. has filed a motion to stay "pending appeal of the Bankruptcy Court's Order of March 5, 2010 denying the Debtor's Motion to Reconsider the January 20, 2010 dismissal of its Chapter 11 case." (Mtn. for Stay, Doc. 3-5 at 1.) After considering the motion, the response of appellant SPCP Group, L.L.C. and the record on appeal, the Court denies the motion for reasons set forth below.[1]

**Background**

Appellant/debtor Forest Oaks, L.L.C. ("Forest Oaks") filed a Chapter 11 bankruptcy petition on December 11, 2008. The petition was filed on the eve of a foreclosure action by

---

[1] Because the motion was filed before the record on appeal was transmitted and docketed, the motion to stay was referred to Chief Judge Steele as a miscellaneous action. Judge Steele entered a temporary stay until the appeal could be docketed and the motion referred to the assigned judge. The motion for stay is now ripe for review.

appellant SPCP Group, L.L.C. ("SPCP") on Forest Oaks' primary, if not only, asset--a shopping center located in Pensacola, Florida. Forest Oaks filed a plan of reorganization on May 11, 2009, a first amended plan on June 26, 2009 and a second amended plan on July 17, 2009. SPCP filed an objection to the second amended plan. The bankruptcy court held a hearing on the Plan on October 20, 2009. On December 2, 2009, the bankruptcy court entered an order sustaining SPCP's objection. SPCP filed a motion to dismiss the case on December 7, 2009. At that time, the Bankruptcy Administrator's motion to dismiss, filed November 3, 2009, was also pending. Both motions to dismiss were scheduled for a hearing on December 15, 2009, which was subsequently continued January 12, 2010.

Forest Oaks filed no response to the motion to dismiss but, on the eve of the hearing, filed a third amended plan of reorganization. At the January 12th hearing, the Bankruptcy Administrator pointed out that his motion to dismiss was based on Forest Oaks' procedural deficiencies "[i]n that the Debtor is woefully behind on its operating reports. It has not filed its–and our motion was based on the monthly reports, quarterly reports and the taxes. . . . The BA1 for October and November have not been filed. . . The quarterly fee has yet to be paid for September quarter, and that's $1,625.00. . . . And, also the '08 tax returns, federal and state have not been give to us as required." (R. 30-31.) Counsel for SPCP strenuously argued for dismissal for several reasons, including Forest Oaks' inability to present a confirmable plan, the length of time the case had been pending, and the continued diminution in value of the asset as a result of delay. In response, counsel for Forest Oaks argued that dismissal would be inappropriate because the third amended plan addressed the deficiencies of the rejected plan. Counsel did not address the procedural deficiencies pointed out by the Bankruptcy Administrator.

After considering the parties' arguments, the bankruptcy court dismissed the bankruptcy

2

action for cause pursuant to 11 U.S.C. § 1112, specifically finding: "[s]ubstantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation [§ 1112(b)(4)(A)], unexcused failure to satisfy timely any filing or reporting requirements [§ 1112(b)(4)(F)], . . .failure to pay any fee or charges required under Chapter 11or Title 28 [§ 1112(b)(4)(K)]." (R. 17-20.) A written order of dismissal was entered on January 20, 2010 based on the findings and conclusions entered on the record at the hearing. The dismissal order also "enjoined [the debtor] from filing another Chapter 11 proceeding for one hundred eighty (180) days from the date of this order."

On February 2, 2010, Forest Oaks filed a motion to reconsider pursuant to Fed. R. Civ. P. 60(b), which came before the bankruptcy court for a hearing on March 2, 2010. At that hearing, counsel for Forest Oaks argued the feasability of the proposed third amended plan and also pointed out that it had cured the deficiencies that gave rise to the dismissal. The bankruptcy court found that the latest proposed plan, although potentially feasible, was simply too late and that Forest Oaks had failed to meet the standard for a motion to reconsider. (R. 63-65.) A written order denying the motion to reconsider was entered on March 5, 2010. On March 12, 2010, Forest Oaks filed a notice of appeal from the January 20th order granting the motions to dismiss, the March 5th order denying the motion to reconsider and "the 180-day bar on future filings imposed by the Order of January 20, 2010." (R. 25.)

After the bankruptcy action was dismissed, SPCP returned to state court to reinstate foreclosure proceedings, and a foreclosure sale was schedule for March 17, 2010. In an effort to prevent foreclosure, Forest Oaks filed a motion to stay pending appeal in the bankruptcy court pursuant to Bankruptcy Rule 8005. After a hearing, the court denied the motion. Despite the likelihood of irreparable injury due to the pending foreclosure, the bankruptcy court concluded

3

that other factors weighed against granting a stay. The court found no likelihood of success on the merits, rejecting Forest Oaks' assertion that the existence of a potentially feasible plan of reorganization provided a potentially meritorious ground for appeal.[2] The court also found that a stay would result in substantial harm to SPCP because SPCP recently had been required to pay taxes on the property [$300,000] and had been unable to exercise its rights for more than a year. (R.90.) Finally, the judge found that the public interest was not served "by making sure there's a plan that deals with insiders."[3] (R. 90.) After the motion to stay was denied, Forest Oaks filed an emergency motion to stay in this Court. Chief Judge Steele granted a temporary stay to maintain the status quo until the appeal could be docketed.

**Legal Analysis**

    **Standard of Review**

Bankruptcy Rule 8005 states that "[a] motion for stay of the judgment order, or decree of a bankruptcy judge. . . pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. . . . A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court . . ., but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge." Most courts have interpreted this rule to mean that a stay pending appeal is generally a question for the bankruptcy judge whose decision should be reviewed for abuse of discretion. *See In re North Plaza, L.L.C.* 395 B.R. 113, 118 (S.D. Cal. 2008) (if bankruptcy court has denied stay under Rule

---

[2] The bankruptcy judge noted that the existence of existence of a "confirmable plan . . . doesn't mean a case shouldn't be dismissed." (R. 89).

[3] As the bankruptcy court noted in prior proceedings, the majority of creditors other than SPCP were related to Forest Oaks.

8005, district court's review "is limited to a simple determination of whether the bankruptcy court abused its discretion"); *accord Blocker v. Wyatt*, 2009 WL 2340700 (S.D. Ga July 27, 2009). Upon review of the facts and arguments presented, it is clear that the bankruptcy court did not abuse its discretion in denying the motion to stay. But even if considered *de novo,* the motion is due to be denied.

A stay pending appeal is "an exceptional response granted only upon a showing of four factors: 1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *see also In re Rabin*, 2007 WL 1098785 (Bankr. S.D. Fla. Apr. 9, 2007) (applying factors to district court bankruptcy appeal); *In re Arnal*, 2003 WL 22709326 (Bankr. S.D. Ga. July 30, 2003) (same). Normally, an appellant must demonstrate that success on the merits is "probable." *Id.* This standard is high, since "probable" success requires a finding that the lower court's decision was clearly erroneous. *Id.* In some cases a "substantial" likelihood of success on the merits will support a stay but only if the three remaining elements weigh heavily in favor of a stay. *Id.*

**Scope of Appeal**

At its core, this appeal involves two substantive decisions by the bankruptcy court.[4] The first is the dismissal of the bankruptcy case. The second is the injunction prohibiting Forest Oaks from filing a new petition for a period of 180 days from the date of dismissal. Although both

---

[4]The appeal also includes the order denying the motion to reconsider. To show a probability of success on its appeal of that order Forest Oaks would also have to show, at a minimum, a probability of success on the merits of the rulings as to which reconsideration was sought.

5

decisions were contained in the same written order, they are separate and distinct. In its motion to stay, Forest Oaks conflates the two, taking the most favorable aspects of each to support its position. When those decisions are examined individually, however, it is quite clear that Forest Oaks cannot satisfy the standard for a stay pending appeal as to either one.

**The Dismissal Order**

The bankruptcy case was dismissed for cause based on three statutory grounds–failure to timely file the required reports, failure to timely file the required fees and the diminution of the value of the asset and the absence of any reasonable likelihood of rehabilitation. To demonstrate a likelihood that it will obtain a reversal of the dismissal order, Forest Oaks must persuade this Court that dismissal on *each* of those grounds as the result of a clear error of judgment or application of the wrong legal standard by the bankruptcy court. *In re Rice*, 357 B.R. 514, 517 (8th Cir. BAP 2006) (bankruptcy court's decision to dismiss for cause is reviewed for abuse of discretion); *see also In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008) (defining abuse of discretion). Forest Oaks does not question the validity of any of the stated grounds for dismissal and, therefore, has failed to demonstrate *any* likelihood that it might succeed in proving that the bankruptcy court abused its discretion.[5] This argument was not raised in opposition to the motion to dismiss and does not refute the bankruptcy Court's reasons for dismissing the case.

Even if Forest Oaks could demonstrate a probable likelihood of success on the merits, the

---

[5]Rather than addressing the bankruptcy court's grounds for dismissal, Forest Oaks presents a new argument, i.e., that the case was dismissed before it had a meaningful opportunity to pursue amendments. Not only does this argument fail to address the stated grounds for cause, it is contradicted by the facts. This case was pending in bankruptcy for more than a year. Not counting the plan filed on the eve of dismissal, Forest Oaks submitted *three* proposed plans for reorganization. It had an opportunity to defend at least one of those plans in a confirmation hearing. Appellant has advanced no reason–either legal or factual--why three tries over the course of a year did not amount to a meaningful opportunity to submit a confirmable plan.

remaining factors do not favor a stay. Undoubtedly, Forest Oaks would suffer irreparable harm, since a foreclosure would moot the appeal. *See Markstein v. Massey Assoc., Ltd*, 763 F.2d 1325 (11th Cir. 1985) (foreclosure sale rendered debtor's bankruptcy appeal moot); *accord In re Boutwell*, 2003 WL 25629875 (S.D. Ala. Dec. 15, 2003) (foreclosure sale frustrates court's ability to provide effective relief in bankruptcy appeal). On the other hand, there would be substantial harm to SPCP if this matter is stayed. SPCP cannot collect rents, negotiate leases, make improvements or sell the property. Meanwhile, the property is diminishing in value, and property taxes are accruing. Finally, the public interest does not weigh in favor of a stay. By all accounts, this matter is essentially a two-party dispute[6] which has little, if any, effect on the public interest. All factors considered, Forest Oaks' case for a stay of the dismissal order falls short.

**The 180-Day Injunction**

The 180-day injunction against new filings is actually the linchpin of Forest Oaks' success-on-the-merits claim. Forest Oaks argues that it has a probable likelihood of success on the merits because the bankruptcy court overstepped its authority by issuing a 180-day injunction on new Chapter 11 filings. This Court need not resolve that question because even assuming arguendo that the injunction was inappropriate the remaining factors necessary for a stay are not present.

First, the injunction has produced no irreparable injury. To be considered irreparable "the injury must be both certain and great; it must be actual and not theoretical. Injunctive relief will not be granted against something merely feared as liable to occur at some indefinite time; the party seeking injunctive relief must show that [t]he injury is imminent." *Packard Elevator v. I.C.C.* 782

---

[6]The creditors, other than SPCP and the taxing authorities, are insiders associated with Forest Oaks, L.L.C. (R. 90.)

F.2d 112, 115 (8th Cir. 1986) (internal quotations omitted). Foreclosure may be a likelihood, but it is not a certain or likely result of the 180-day injunction on new Chapter 11 filings. Put differently, there is no reason to believe lifting the injunction would actually prevent foreclosure. At best, a stay of the injunction would allow Forest Oaks to file a new Chapter 11 case, but then what? Although Forest Oaks has not addressed this question, it would likely point to the existence of a "potentially feasible" plan, i.e., the third amended plan submitted on the eve of dismissal. However, a plan that may have been feasible in January or February is not necessarily feasible–much less confirmable– in May. More importantly, the bankruptcy judge dismissed the case and refused to reinstate it, despite her observation that the plan might be feasible, because it was simply too late. It is inconceivable that the bankruptcy court would permit a debtor to circumvent its dismissal order by refiling a petition that the court had previously dismissed.[7] At best, there is a theoretical possibility that: (1) the injunction could be stayed; (2) Forest Oaks could file a new Chapter 11 and (3) the foreclosure would be temporarily stayed. However, absent evidence that a new Chapter 11 petition would be successful, foreclosure remains inevitable.

For the same reasons discussed above, *supra* at 7, the remaining factors necessary for a stay–lack of substantial harm to the creditor and that a stay would serve the public interest--also are not present. Consequently, even if the bankruptcy court was wrong to enjoin future Chapter

---

[7] Bankruptcy is an equitable remedy, and a debtor invoking that remedy is expected to act in good faith. *See In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071-12 (5th Cir. 1986) (internal citations omitted). *See In re Natural Land Corp.*, 825 F.2d 296, 297 (11th Cir. 1987) (dismissal for cause); *In re Bell*, 215 B.R. 266, 275 (Bankr. N.D. Ga. 1997) (relief from stay for abuse of process). "Although there is no particular test for determining whether a debtor has filed a petition for reorganization in good faith, '[i]in finding a lack of good faith, courts have emphasized an intent to abuse the judicial process and the purposes of the reorganization provisions.'" *In re Natural Land Corp.*, 825 F.2d at 297 (quoting *In re Albany Partners, Ltd,* 749 F.2d 670, 674 (11th Cir. 1984)).

11 filings, Forest Oaks has failed to persuade this Court that a stay of that order pending appeal is either necessary or appropriate.

**Conclusion**

For all of the foregoing reasons, the Court finds that the motion for a stay pending appeal is due to be and hereby is **DENIED**.

**DONE** and **ORDERED** this the 10th day of May, 2010.

                                            s/*Charles R. Butler, Jr.*
                                            **Senior United States District Judge**